UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAROL EVELIA DIAZ,<br><br>              Plaintiff,<br><br>     v.<br><br>VLADIMIR LITVINOV and WAVE<br>FREIGHT SYSTEMS, LTD.,<br>              Defendants. | Case No. 22-cv-1440-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of defendant Wave Freight Systems, Ltd. ("Wave")[1] to quash service, to set aside entry of default, and to allow it to file an answer and affirmative defense (Doc. 21). Plaintiff Carol Evelia Diaz does not object to the motion.

Wave argues that service was not sufficient because the original complaint, jurisdictionally deficient and not the operative pleading at the time of service, was delivered instead of the Amended Complaint. It also argues that service was accomplished on Harpreet Hayer, one of Wave's owners who, although was Wave's registered agent for service at the time, had not had an active role in the company for years. It notes that its failure to timely respond to the complaint was inadvertent and that it is a young Canadian company with little experience in American litigation. It also advances Diaz's comparative negligence as a legitimate affirmative defense in this traffic accident case. Wave filed this motion a little more than a week after entry of default against it. It further agrees to waive formal service.

---

[1] The affidavit attached to Wave's motion suggests Wave might be a limited liability company rather than a corporation, as alleged in the Amended Complaint. For jurisdictional purposes, this could make a difference. However, under Canadian law, there is no such thing as a limited liability company as that type of entity is known under American law, and an indication of "Ltd." indicates an entity is a *bona fide* corporation. Can. Bus. Corp. Act, pt. II Incorporation, § 10(1).

Putting to the side the propriety of service on Wave, the Court finds that it is appropriate to set aside entry of default. Federal Rule of Civil Procedure 55(c) provides that the Court may set aside entry of default for good cause. The Court should do so if the defendant shows (1) good cause for its default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020); *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1401 (7th Cir. 1993). Wave has established all three factors as well as the fact that its delinquency was not the type of willful refusal to follow court rules that justifies refusing to vacate entry of default.

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Wave's motion (Doc. 21). The Court **VACATES** the Clerk's entry of default (Doc. 19) and **ORDERS** that Wave shall have seven days from entry of this order to electronically file its Answer and Affirmative Defense to the Amended Complaint.

**IT IS SO ORDERED.**
**DATED:  September 16, 2022**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**